UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                                            :

BRAND PROGRESSIONS, LLC, as assignee of    :
YOSA, INC., and MOATZUR, LLC d/b/a ROCK :
OF AGES, LLC,                                        :   **ORDER DENYING**
                                                                            :   **DEFENDANT'S MOTION FOR**
                                 Plaintiffs,                 :   **SUMMARY JUDGMENT**
                                                                              :
     -against-                                              :   09 Civ. 6860 (AKH)
                                                                              :

CHINATEX ORIENTAL (U.S.A.) INC.,                  :

                                 Defendant.                :
-------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant Chinatex Oriental (U.S.A.) Inc. moves for partial summary judgment to establish that it is authorized to sell certain apparel in its possession that bears the "Live Mechanics" trademark. Chinatex also seeks summary judgment on its counterclaims that Plaintiff Rock of Ages, LLC, owner of the "Live Mechanics" mark, breached the Manufacturing Agreement by improperly collecting payments from its customers, and by retaining overpayments and cash advances from Chinatex.

        To succeed on its motion for summary judgment, Chinatex, as the moving party, must show that "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine issue" of "material fact" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party

1

opposing summary judgment." Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008) (citations omitted).

Chinatex marshals hundreds of exhibits and thousands of pages in support of its argument that certain clothing does not infringe the "Live Mechanics" mark. The documentary evidence does not support Chinatex's conclusions, or at least fails to do so in a manner that is intelligible without the assistance of an expert. For example, Chinatex relies extensively on "Chart A" to the Horner Affidavit. This chart puts forth a variety of facts in a spreadsheet, and purports to show the "arrival date," "quantity produced," "Osa'[s] quantity projected," and "exhibit number" for a particular "style number." Chinatex contends that the information underlying the line item entries for a particular "style number" are found in the corresponding "exhibit number," but my review of the exhibits finds no support for this assertion. Even if the documentary support was comprehensible, resolving the motion would require substantial fact finding. Chinatex fails to establish that "there [are] no genuine issue[s] as to any material fact." Fed. R. Civ. P. 56(c).

Similarly, Chinatex has failed to produce documentary support sufficient to establish its entitlement to summary judgment on its claims for breach of contract. Accordingly, this part of Chinatex's motion is denied.

Rock of Ages' motion for sanctions is denied. Although Rock of Ages has identified inventories that were produced by Chinatex and that appear to establish that Chinatex manufactured "Live Mechanics" apparel after the injunction was issued, the discrepancies in the inventories may be evidence of human error, customer returns, or the receipt of goods in California that were shipped from China before the injunction was entered. In short, Rock of

Ages fails to show clear and convincing evidence of Chinatex's non-compliance with the injunction. Chao v. Gotham Registry, Inc., 514 F.3d 280, 291 (2d Cir. 2008).

Oral argument is cancelled. These issues, being intensively factual in nature, would not be resolved at oral argument. The parties shall, by August 17, 2010, submit a proposed case management plan that proposes a date for the completion of all discovery and for trial.

The Clerk shall mark the motions (Doc. Nos. 57 and 66) terminated.

SO ORDERED.

Dated:    August 6, 2010
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge